UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

VS. C.A. NO. 08-58 ML

ONE BEACON INSURANCE GROUP, et al

## ANSWER AND CLAIM IN INTERPLEADER OF DEFENDANTS PATRICK CONLEY AND GAIL CONLEY

## I. ANSWER

The defendants, *PATRICK CONLEY and GAIL CONLEY* (hereinafter, "The Conleys"), hereby answer the allegations contained in the plaintiff's Complaint and make claim in interpleader as follows:

1. The Conleys admit that the Untied States seeks to return three oil paintings to the proper party or parties in interest, that the defendants have each claimed interests therein, that the plaintiff does not assert a property interest therein and that this action is brought to enable the defendants to resolve any competing claims. The Conleys assert that the paintings were voluntarily delivered to the United States Government (Providence FBI office) upon their own initiative upon learning of an unresolved and apparently dormant theft investigation.

2. Admitted

3. Admitted

4. Admitted

5. Admitted; however, the extent and degree of "note" and "importance" is a question subject to proof at trial.

6. Admitted

7 – 8. The Conleys do not have sufficient information to admit or deny these allegations. The plaintiff is, accordingly, left to its proof thereon.

9. Admitted

10. The Conleys are unable to admit or deny whether the paintings were "stolen from her". The plaintiff or the defendants are, accordingly, left to their proof thereon. The Conleys admit that, to the best of their current knowledge and belief, the paintings were insured by Commercial Union PLC and that it paid Ms. Mae K. Persky for an alleged loss in full satisfaction of her interest in the paintings.

11. Denied that "Ms. Persky left the paintings to William A. Yoffie and his wife in her will" or that Mr. Yoffie had an interest therein to leave to his wife. Upon information and belief, the paintings, and all interests therein, were abandoned or alienated pursuant to the payment of claim referenced in paragraph 10. The Conleys do not have information sufficient to admit or deny the fact or date of death of Mr. Yoffie and leave the plaintiff and defendants to their proof thereon.

12 – 14. The Conleys do not have sufficient facts to admit or deny the allegations contained in these paragraphs. The Conleys deny that any of the defendants have a superior claim in law or equity to the interests of the Conleys.

15. The Conleys admit that they came into possession of the paintings but have no information sufficient to admit or deny that such possession commenced after a "theft" thereof.

16. The Conleys admit that they claim a superior property interest in the paintings to those of the defendants in law and in equity.

17. Admitted

18. Admitted

19. Admitted

20. The Conleys have insufficient facts and are unable to admit or deny these allegations. The plaintiff is, accordingly, left to its proof thereon.

**COUNTER and CROSS-CLAIM IN INTERPLEADER**

The Conleys hereby submit their claim in interpleader pursuant to F.R.C.P. 22 and 28 U.S.C. §1335 and 1345 as follows:

21. The Conleys incorporate herein their answers to the allegations contained in the plaintiff's Complaint which invokes the equity jurisdiction of this Court.

22. The Conleys aver that the subject paintings came into their possession as collateral for loans made, for value, in 1998 and 1999 (see Memorandum attached as **Exhibit 1**).

23. At such time and during the Conleys' period of possession of the paintings, the Conleys were bona fide purchasers for value without knowledge of the claims of others, if any.

24. Upon default of the above-referenced loan on June 30, 1999, the interest of the bona fide possessors ripened into an ownership interest superior in law and equity to the claims of the co-defendants herein.

25. In further support thereof, the Conleys state as follows:

– Upon information and belief, the alleged predecessors of the defendant Judith S. Yoffie were entirely divested of any legal or equitable interest in the paintings by and

through the acceptance of the settlement of claim made to Mae K. Persky by her insurer, Commercial Union Assurance Company. The claims of defendant Judith Yoffie are otherwise precluded by operation of discharge, waiver, prescription, abandonment, accord and satisfaction, equitable estoppel, unjust enrichment and windfall.

– The claim of defendant One Beacon Insurance Group, if any, was fully discharged or is equitably subordinate to the interests of the Conleys pursuant to the theories of abandonment, unjust enrichment, avoidance of windfall, laches, prescription, accord and satisfaction and/or equitable estoppel. Alternatively, such claim is limited to recovery of the monetary amount of the claim paid to Persky.

26. Since coming into good-faith possession of the paintings for value, the Conleys have preserved and cared for the paintings. Since the collateral ripened into an ownership interest in June of 1999, the Conleys have otherwise treated the paintings as their own and have exhibited them openly to friends and visitors.

27. Immediately upon learning of the prior allegations of theft through the independent and uncoerced inquiry of their own agent, the Conleys informed, and made the paintings available to, the plaintiff in order that the claims of any and all persons may be finally determined and declared through due process of law.

**WHEREFORE,** the defendants *PATRICK CONLEY and GAIL CONLEY* pray that judgment enter on the claims of the plaintiff and on their counter and cross-claim in interpleader as follows:

1. Declaring the interest of the Conleys in the paintings to be superior to and free of the claims of all others.

2. Dismissing and denying the claims of Judith S. Yoffie in that her claims are derivative of persons or predecessors whose claims have been fully satisfied, abandoned, discharged and waived, both in law and in equity.

3. Dismissing and denying the claims of defendant One Beacon Insurance Group or, alternatively, declaring that any such claims are limited in law and/or in equity to the amount paid to the insured of its predecessor and are, accordingly, subordinate or fully subrogated to the claims of the Conleys, who are bona fide purchasers for value.

4. Ordering the plaintiff to deliver the paintings to the Conleys.

5. Releasing and discharging the plaintiff from liability and dismissing the plaintiff from this action upon return of the paintings to the Conleys in accordance with the determination of this Court.

6. For such further relief as this Court may deem just under the circumstances.

Respectfully submitted,

PATRICK CONLEY and GAIL CONLEY
By their Attorney,

*/S/ James P. Marusak*

JAMES P. MARUSAK
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
401-274-6644 fax: 401-331-9304

CERTIFICATION

I hereby certify that a copy of the within ANSWER AND CLAIM IN INTERPLEADER was sent electronically and by mail to **Robert Clark Corrente, United**

**States Attorney, and Milind M. Shah, Asst. US Attorney**, US Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903, on the _2nd_ day of May, 2008.

*/S/ James P. Marusak*