IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,

Plaintiff,

v.

ONEBEACON INSURANCE GROUP, One Beacon Lane, Canton Massachusetts 02021,

JUDITH S. YOFFIE, 7070 Salisbury Street, Apartment 338, Wooster, Massachusetts 01608,

and

PATRICK CONLEY and GAIL CONLEY, husband and wife, 1 Bristol Point Road, Bristol, Rhode Island 02809,

Defendants

Civil Action Number 08-58ML

**ANSWER TO INTERPLEADER BY ONEBEACON INSURANCE GROUP (MISNAMED) AND CROSSCLAIMS AGAINST ESTATE OF JUDITH S. YOFFIE, PATRICK AND GAIL CONLEY**

Now comes the defendant OneBeacon Insurance Group (misnamed and hereafter "OneBeacon") and answers the complaint in interpleader, including crossclaims against the codefendants Estate of Judith S. Yossi (hereafter "Estate"), Patrick and Gail Conley (hereafter "Conleys") as follows:

1. Admits except to state that the true and correct name of the defendant/ crossclaimant OneBeacon as successor in interest to Commercial Union PLC, the subrogee and legal owner of the paintings, is OneBeacon Insurance Company.

2. Admits.

3. Denies.

4. Admits.

5. Admits.

6. Admits.

7. Denies as to misnomer of OneBeacon and admits the remainder of such allegations.

8. Denies, as on information Judith S. Yoffie died on March 4, 2008, including that representatives of her Estate have filed for probate before the Probate & Family Court Department, Worcester Division (MA) with appointment pending of executors or administrators of the Estate, whose names are not yet known to OneBeacon.

9. Admits.

10. Denies to the extent that the correct name of the insurer then was Commercial Union Assurance Company and admits the remainder of such allegations.

11. Denies.

12. Admits.

13. Admits.

14. Admits.

15. Admits.

16. Admits.

17. Admits.

18. Admits.

19. Admits.

20. Denies.

**FIRST AFFIRMATIVE DEFENSE**

The complaint in interpleader should be dismissed for failure to state a claim on which relief may be granted to the extent, prior to the death of Judith S. Yoffie, OneBeacon and Judith S. Yoffie through their counsel had requested joint custody of the paintings with full indemnity to the United States and all its agencies against any and all other possible or potential claims. Such offer of indemnification included but was not limited to the Conleys who, as receivers of stolen property and otherwise without any basis to show themselves as bona fide purchasers of the paintings, had no possible right to title or ownership of the paintings.

**SECOND AFFIRMATIVE DEFENSE**

OneBeacon indemnified the late Mae K. Persky for the full appraised value of the paintings at the time of the paintings' theft, as a result of which OneBeacon became subrogated to the recovery and ownership of the paintings, including all right, title, interest and ownership of the paintings.

**THIRD AFFIRMATIVE DEFENSE**

OneBeacon indemnified the late Mae K. Persky for the full appraised value of the paintings at the time of their theft, constituting an accord and satisfaction of any claims by the late Mae K. Persky against OneBeacon, as a result of which the Estate is precluded from asserting any rights superior to those rights of OneBeacon as to title, interest or ownership of the paintings.

**FOURTH AFFIRMATIVE DEFENSE**

By OneBeacon's indemnification of the late Mae K. Persky for the full appraised value of the paintings at the time of the paintings' theft, the Estate is without any right, title, interest or ownership in the paintings.

**FIFTH AFFIRMATIVE DEFENSE**

Based on the circumstances of the Conleys obtaining their possession of the paintings, the Conleys have no lawful interest or right of ownership in the paintings.

**SIXTH AFFIRMATIVE DEFENSE**

The Conleys are not bona fide purchasers of the paintings.

**SEVENTH AFFIRMATIVE DEFENSE**

OneBeacon has been diligent in its continuing interest as the owner of the paintings.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent the Conleys have no possible right to legal title to the paintings, and all other significant contacts of the Estate and OneBeacon are in Massachusetts, venue for this matter is in Massachusetts.

**NINTH AFFIRMATIVE DEFENSE**

With respect to rights of subrogation, ownership, title and interest in the paintings, OneBeacon has been misnamed, with its correct name being OneBeacon Insurance Company.

**CROSSCLAIM AGAINST THE ESTATE OF JUDITH S. YOFFIE**

For crossclaim against the Estate of Judith S. Yoffie (hereafter "Estate"), the defendant/crossclaimant OneBeacon Insurance Company ("OneBeacon") alleges as follows:

1. OneBeacon is a corporation duly organized at law with its principal place of business at One Beacon Lane, Canton, Commonwealth of Massachusetts.

2. On information, Judith S. Yoffie died on March 4, 2008, including the representatives of her Estate have filed for probate before the Probate & Family Court Department, Worcester Division (MA), such that the real parties in interest are the executors or administrators of her Estate, whose names are not yet known to OneBeacon.

3. On or about July 1, 1976, the paintings which are the subject matter of this litigation ("In The Sun" by Childe Hassam, "The Shore Of Lake Geneva" by Gustav Courbet, and "Lady As Shepherdess" by William Hamilton, hereafter collectively the "paintings") were owned by the late Mae K. Persky, R 510-520 Grafton Street, Shrewsbury, Commonwealth of Massachusetts.

4. Then and there, the paintings were collectively valued at $45,000.00.

5. Then and there, the risk of loss or theft of the paintings were insured by Commercial Union Assurance Company.

6. Then and there, the paintings were stolen from the late Mae K. Persky.

7. Shortly thereafter, Commercial Union Assurance Company indemnified and paid the late Mae K. Persky the amount of $45,000.00 for the full value of the paintings, as per a Statement of Loss schedule attached hereto as Exhibit 1.

8. Subsequently, including by correspondence of November 15, 1976, attached hereto as Exhibit 2, Commercial Union Assurance Company gave notice to the Shrewsbury Police Department that, in the event of recovery of the paintings, to advise Commercial Union Assurance Company, who by virtue of payment of the loss had acquired ownership, title, and interest in the paintings.

9, Subsequently, Commercial Union Assurance Company gave notice of the paintings' theft to various other organizations established to prevent the circulation of stolen works of art.

10. Subsequently, through a merger, OneBeacon became the successor in interest to Commercial Union Assurance Company, including all rights, responsibilities, assets and liabilities of Commercial Union Assurance Company, including but not limited to all rights of subrogation, title, ownership and interest in the paintings.

11. Subsequently, after the defendant Patrick Conley attempted, on information, to have the paintings appraised or sold by William Vareika Fine Arts, Ltd. gallery in Newport, Rhode Island during the summer of 2007, the gallery determined the paintings were stolen and notified the Federal Bureau of Investigation.

12. The defendants Patrick and Gail Conley, as receivers of the paintings as stolen property and not being bona fide purchasers of the paintings, have no rights to ownership, interest or title to the paintings.

13. Subsequently, in turn, the Federal Bureau of Investigation notified various organizations including but not limited to The Art Loss Register, an organization established to prevent the circulation of stolen works of art with whom OneBeacon and/or Commercial Union previously registered and listed the theft of the paintings, and The Art Loss Register in turn notified OneBeacon of the recovery of the paintings.

14. As a result thereof, OneBeacon has been subrogated to all rights of ownership, interest and title to the paintings.

15. To the extent that the codefendants Patrick and Gail Conley have no rights to ownership, interest or title to the paintings, OneBeacon and Judith S. Yoffie prior to her death requested joint custody of the paintings with offer to the United States to indemnify, defend and hold harmless the United States and all related agencies against all other claims to ownership or title to the paintings including but not limited to any claims of the Conleys.

16. To the extent the Conleys would not release their claims, the United States has instead opted to file the instant interpleader action.

17. As a result thereof, should the Estate's executor(s) or administrator(s) reauthorize the prior offer to the United States of joint custody with OneBeacon, the paintings should be delivered to the joint custody of the Estate and OneBeacon, with any further proceeding between the Estate and OneBeacon to be determined by the Estate and OneBeacon without the instant interpleader action.

18. In the alternative, the paintings should be delivered to the sole custody of OneBeacon, who is otherwise subrogated to the ownership of the paintings including all rights of title, interest in possession to the paintings.

Wherefore, the defendant/crossclaimant OneBeacon Insurance Company demands that the paintings be delivered to the joint custody of the Estate of Judith S. Yoffie on agreement with the Estate of Judith S. Yoffie or, in the absence of agreement, that the paintings be delivered to the sole custody of OneBeacon Insurance Company.

## CROSSCLAIM AGAINST THE PATRICK AND GAIL CONLEY

1. OneBeacon Insurance Company (hereafter "OneBeacon") is a corporation duly organized at law with its principal place of business at One Beacon Lane, Canton, Commonwealth of Massachusetts.

2. On information, the defendants/defendants-in-crossclaim Patrick and Gail Conley are residents of One Bristol Point Road, Bristol, State of Rhode Island.

3. On or about July 1, 1976, the paintings which are the subject matter of this litigation ("In The Sun" by Childe Hassam, "The Shore Of Lake Geneva" by Gustav Courbet, and "Lady As Shepherdess" by William Hamilton, hereafter collectively the

"paintings") were owned by the late Mae K. Persky, R 510-520 Grafton Street, Shrewsbury, Commonwealth of Massachusetts.

4. Then and there, the paintings were collectively valued at $45,000.00.

5. Then and there, the risk of loss or theft of the paintings were insured by Commercial Union Assurance Company.

6. Then and there, the paintings were stolen from the late Mae K. Persky.

7. Shortly thereafter, Commercial Union Assurance Company indemnified and paid the late Mae K. Persky the amount of $45,000.00 for the full value of the paintings, as per a Statement of Loss schedule attached hereto as Exhibit 1.

8. Subsequently, including by correspondence of November 15, 1976, attached hereto as Exhibit 2, Commercial Union Assurance Company gave notice to the Shrewsbury Police Department that, in the event of recovery of the paintings, to advise Commercial Union Assurance Company, who by virtue of payment of the loss had acquired ownership, title, and interest in the paintings.

9. Subsequently, Commercial Union Assurance Company gave notice of the paintings' theft to various other organizations established to prevent the circulation of stolen works of art.

10. Subsequently, through a merger, OneBeacon became the successor in interest to Commercial Union Assurance Company, including all rights, responsibilities, assets and liabilities of Commercial Union Assurance Company, including but not limited to all rights of subrogation, title, ownership and interest in the paintings.

11. Subsequently, after the defendant Patrick Conley attempted, on information, to have the paintings appraised or sold by William Vareika Fine Arts, Ltd.

gallery in Newport, Rhode Island during the summer of 2007, the gallery determined the paintings were stolen and notified the Federal Bureau of Investigation.

12. Subsequently, in turn, the Federal Bureau of Investigation notified various organizations including but not limited to The Art Loss Register, an organization established to prevent the circulation of stolen works of art with whom OneBeacon and/or Commercial Union previously registered and listed the theft of the paintings, and The Art Loss Register in turn notified OneBeacon of the recovery of the paintings.

13. Prior to such attempt by the defendant Patrick Conley to appraise or sell the paintings, on information the defendant Patrick Conley had obtained possession of the paintings from his brother during 1998 under circumstances which the defendant Patrick Conley knew or had reason to know that his brother did not have right, title or interest to convey any of the paintings.

14. Further, on information the defendant Patrick Conley did not obtain possession of the paintings from his brother as a result of any purchase or payment for the paintings but, purportedly, as collateral for a loan given by the defendant Patrick Conley to his brother.

15. Subsequent to OneBeacon be notified of the recovery of the stolen paintings, to facilitate the release of the paintings jointly to OneBeacon and the late Judith S. Yoffie, OneBeacon has attempted to obtain a release from the defendant Patrick Conley of any claims of the Conleys to the paintings.

16. Despite that the defendant Patrick and Gail Conley, especially Patrick Conley as an attorney, have knowledge that they have no lawful right to any interest, possession or title to the paintings and that they are not bona fide purchasers for value of

the paintings, the Conleys have wrongfully refused to release their claims, even demanding $45,000.00 to release their claims.

17. As a result thereof, OneBeacon has been wrongfully denied the delivery of the paintings to its custody and has also been wrongfully compelled to litigate the Conleys' claims including significant unnecessary expense and attorney's fees and costs to litigate the Conleys' claims.

Wherefore, the defendant/crossclaimant OneBeacon Insurance Company demands that the paintings be delivered to the joint custody of the Estate of Judith S. Yoffie on agreement with the Estate of Judith S. Yoffie or, in the absence of agreement, that the paintings be delivered to the sole custody of OneBeacon Insurance Company, and that OneBeacon Insurance Company be awarded its attorneys fees and costs against the defendants Patrick and Gail Conley.

OneBeacon Insurance Group (misnamed),
also OneBeacon Insurance Company,
By its attorney,

/s/ Edwin C. Kilcline
Edwin C. Kilcline, III, Bar. No. 7201
Lash & Associates, P.C.
61 Batterymarch Street
Boston, Massachusetts 02110
Office (617) 357-8200
Facsimile (617) 357-8201
Email: ekilcline@lashlaw.com

Certificate of Service

I, Edwin C. Kilcline, III, hereby certify that on May 9, 2008 I electronically filed the foregoing document with the Clerk of the United States District Court for the District of Rhode Island, and served a copy of the foregoing document on the above defendant Judith S. Yoffie, who on information is now deceased, by first class mail postage prepaid to counsel representing the estate of the late Judith S. Yoffie, George S. Abrams, Esq., Winer & Abrams, 60 State Street, Suite 2329, Boston, Massachusetts 02109 and on the above defendants Patrick and Gail Conley, by electronically serving their counsel, James P. Marusak, Gidley, Sarli & Marusak, One Turks Head Place, Suite 300, Providence, Rhode Island 02903 and on the United States of America, by electronically serving its counsel, Assistance United States Attorney Milind M. Shah, United States Attorney's Office, 50 Kennedy Place, 8th Floor, Providence, Rhode Island 02903.

______________________________

Edwin C. Kilcline, III