UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

VS. C.A. NO. 08-58 ML

ONE BEACON INSURANCE GROUP, et al

**ANSWER BY DEFENDANTS *PATRICK CONLEY and GAIL CONLEY* TO CROSS-CLAIM IN INTERPLEADER OF ONEBEACON INSURANCE COMPANY**

The defendants, *PATRICK CONLEY and GAIL CONLEY* (hereinafter, "the Conleys"), hereby answer the allegations contained in the cross-claim of OneBeacon Insurance Group, n/k/a OneBeacon Insurance Company (hereinafter, "OneBeacon"), as follows:

1 – 2. Admitted

3 – 7. The Conleys admit that, to the best of their current knowledge and belief, the paintings were insured by Commercial Union PLC and that it allegedly paid the full value of the paintings to Ms. Mae K. Persky for an alleged loss in full satisfaction of her interest in the paintings. The cross-claimant has failed to attach Exhibits One and Two as alleged. The Conleys do not have sufficient facts to form a belief as to the truth of the remaining allegations contained in paragraphs 3 – 7. The allegations are, accordingly, denied, and the cross-claimant is left to its proof thereon.

8. The Conleys deny that the cross-claimant, by virtue of payment of a loss, acquired "ownership" or "title" to the paintings. The Conleys allege that Commercial

Union PLC obtained a Release of the claims of Mae K. Persky relative thereto and obtained subrogation interests to the amount paid, subject to any intervening equities. The Conleys do not have sufficient facts to form a belief as to the truth of the remaining allegations. The remaining allegations are, accordingly, denied; and the cross-claimant is left to its proof thereon.

9. The Conleys do not have sufficient facts with which to form a belief as to the truth of the allegations contained in paragraph 9. The allegations are, accordingly, denied; and the cross-claimant is left to its proof thereon.

10. Denied.

11. The Conleys deny that they attempted to have the paintings sold but admit that they requested William Vareika to determine the authenticity and value of the paintings. They also admit that upon notification of allegations of theft, they specifically endorsed and approved notification to any appropriate authorities by their agent.

12. The Conleys do not have sufficient information to admit or deny these allegations. The cross-claimant is, accordingly, left to its proof thereon.

13. Denied.

14. Admitted that the Conleys obtained possession of the paintings from William Conley, initially as collateral for value delivered as a loan. Upon default of the terms of the loan, their possession ripened into ownership interests as bona fide lenders. The Conleys deny that such possession lacked consideration or payment.

15. Admitted; however, the Conleys are without sufficient facts and are, accordingly, unable to admit or deny whether the paintings were "stolen". Accordingly, the cross-claimant is left to its proof thereon.

16. Denied.

## DEFENSES

17. The Conleys are bona fide purchasers for value who, upon obtaining their interests, were without knowledge of the claims of others, if any, to the subject paintings.

18. Upon default of the above-referenced loan on June 30, 1999, the interests of the bona fide possessors ripened into ownership interests superior in law and equity to the claims of the co-defendants and cross-claimants herein.

19. The alleged predecessors of the defendant Judith S.Yoffie were entirely divested of any legal or equitable interest in the paintings by and through the acceptance of the settlement of claim made to Mae K. Persky by her insurer, Commercial Union Assurance Company. The claims of defendant Judith Yoffie are otherwise precluded by operation of discharge, waiver, prescription, abandonment, accord and satisfaction, equitable estoppel, unjust enrichment and windfall.

20. The claim of cross-claimant OneBeacon, if any, was fully discharged or is equitably subordinate to the interests of the Conleys pursuant to the theories and defenses of abandonment, unjust enrichment, discharge, avoidance of windfall, laches,

prescription, accord and satisfaction and/or equitable estoppel. Alternatively, such claim, if any, is limited to recovery of the monetary amount of the claim paid to Persky.

21. The cross-claimant, OneBeacon, lacks standing to sue.

22. The cross-claimant, OneBeacon, fails to state a claim upon which relief may be granted.

23. The cross-claim of OneBeacon is barred by the applicable Statute of Limitations.

**WHEREFORE**, the defendants *PATRICK CONLEY and GAIL CONLEY* pray that judgment enter for them on the claims of the plaintiff and of the cross-claimant and on the Conleys' counter and cross-claim in interpleader as follows:

1. Declaring the interest of the Conleys in the paintings to be superior to and free of the claims of all others.

2. Dismissing and denying the claims of Judith S. Yoffie in that her claims are derivative of persons or predecessors whose claims have been fully satisfied, abandoned, discharged and waived, both in law and in equity.

3. Dismissing and denying the claims of defendant/cross-claimant OneBeacon or, alternatively, declaring that any such claims are limited in law and/or in equity to the amount paid to the insured of its predecessor and are, accordingly, subordinate or fully subrogated to the claims of the Conleys, who are bona fide purchasers for value.

4. Ordering the plaintiff to deliver the paintings to the Conleys.

5. Releasing and discharging the plaintiff from liability and dismissing the plaintiff from this action upon return of the paintings to the Conleys in accordance with the determination of this Court.

6. For attorney fees and costs against the cross-claimant.

7. For such further relief as this Court may deem just under the circumstances.

PATRICK CONLEY and GAIL CONLEY
By their Attorney,

*/S/ James P. Marusak*

JAMES P. MARUSAK
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
401-274-6644 fax: 401-331-9304

CERTIFICATION

I hereby certify that copies of the within ANSWER TO ONE BEACON'S CROSS-CLAIM IN INTERPLEADER were sent electronically and by mail to **Robert Clark Corrente, United States Attorney, and Milind M. Shah, Asst. US Attorney**, US Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903; and electronically to **Edward C. Kilcline, III, Esquire** (counsel for OneBeacon Insurance Group), Lash & Associates, P.C., 61 Batterymarch Street, Boston, MA 02110; and **George S. Abrams, Esquire** (counsel for the estate of Judith S. Yoffie), Winer & Abrams, 60 State Street, Suite 2329, Boston, MA 02109, on the 14th day of May, 2008.

*/S/ James P. Marusak*