UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff | ) | |
| vs. | ) | C.A. No. 08-58ML |
| ONE BEACON INSURANCE GROUP, et al., Defendants | ) | |

ANSWER TO INTERPLEADER BY ALAN S. YOFFIE, ERIC H. YOFFIE AND DAVID B. YOFFIE, CO-EXECUTORS OF THE ESTATE OF JUDITH S. YOFFIE, AND CROSS-CLAIMS AGAINST ONEBEACON INSURANCE GROUP AND PATRICK AND GAIL CONLEY

Now come Alan S. Yoffie, Eric H. Yoffie and David B. Yoffie, in their capacities as co-executors of the estate of their mother, Judith S. Yoffie (hereinafter called "Co-Executors") and answer the Complaint in Interpleader, and assert cross-claim against the co-defendants OneBeacon Insurance Company (hereinafter called "OneBeacon") and Patrick and Gail Conley (hereinafter called "Conleys") as follows:

1. Answering paragraph 1 of the Complaint in Interpleader, allege that Judith S. Yoffie died on March 4, 2008, and that on April 30, 2008, her three sons, Alan S. Yoffie, Eric H. Yoffie and David B. Yoffie, were appointed Co-Executors of her estate by the Worcester County Probate Court, Commonwealth of Massachusetts; as qualified, the allegations of paragraph 1 are admitted.

2. Admit.

3. Admit.

4. Admit.

5. Answering paragraph 5 of the Complaint in Interpleader, allege the three paintings are family heirlooms acquired over sixty-three years ago and have emotional and personal value to the Co-Executors, whose deceased father and mother, and great aunt and great uncle, cherished these works of art.

6. Admit.

7. Admit on information and belief.

8. Answering paragraph 8 of the Complaint in Interpleader, allege that Judith S. Yoffie died on March 4, 2008, and on April 30, 2008, her three sons, Alan S. Yoffie, Eric H. Yoffie and David B. Yoffie, were appointed Co-Executors of her estate by the Worcester County Probate Court, Commonwealth of Massachusetts; as qualified, the allegations of paragraph 8 are denied.

9. Admit on information and belief.

10. Answering paragraph 10 of the Complaint in Interpleader, allege that in July of 1976, and for over thirty years before that date, Co-Executors' great aunt and great uncle, Mae K. and Abraham S. Persky, owned the three paintings at issue in this action; after the death of her husband Abraham S. Persky in 1969, Mae K. Persky became the sole owner of the paintings; Co-Executors' great aunt Mae K. Persky was the victim of a brutal home-invasion robbery on the night of July 2, 1976 when three armed men smashed their way into her home, bound and tied her, a companion and a caretaker, cut all telephone lines, and stole the three paintings and other items from her home; thereafter, Mae Persky received an insurance payment of $45,000 for the three paintings, which had not been appraised for current market value for some time before the home-invasion robbery; except as alleged, deny the allegations of paragraph 10.

11. Answering paragraph 11 of the Complaint in Interpleader, allege that Mae K. Persky's will left the paintings to William A. and Judith S. Yoffie; William A. Yoffie died in 2007, leaving his interest in the paintings by will to Judith S. Yoffie; Judith S. Yoffie died on March 4, 2008, leaving her interest in the three paintings by will to her three sons, Co-Executors Alan S. Yoffie, Eric H. Yoffie and David B. Yoffie; except as alleged, deny the allegations of paragraph 11.

12. Answering paragraph 12 of the Complaint in Interpleader, allege that Judith S. Yoffie, while alive, was owner of the three paintings; Co-Executors Alan S. Yoffie, Eric H. Yoffie and David B. Yoffie are owners of the paintings as a result of Judith S. Yoffie's death and the disposition of her property under her will; except as alleged, deny the allegations of paragraph 12.

13. Co-Executors lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.

14. Answering paragraph 14 of the Complaint in Interpleader, allege OneBeacon has made a claim respecting the three paintings; except as alleged, lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

15. Admit on information and belief.

16. Answering paragraph 16 of the Complaint in Interpleader, allege on information and belief that the only claim the Conleys asserted to the press and to the parties was for a "reward" and/or "reimbursement" of an alleged outstanding loan by Patrick T. Conley to his brother William Conley, and on a number of occasions the Conleys acknowledged that they did not claim title to the three paintings; except as alleged, lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17. Admit on information and belief.

18. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.

19. Admit.

20. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20.

WHEREFORE, Co-Executors demand judgment in their favor vesting full and complete title to the three paintings in them.

## CROSS-CLAIM AGAINST ONEBEACON INSURANCE GROUP

For cross-claims against OneBeacon Insurance Group ("OneBeacon"), Alan S. Yoffie, Eric H. Yoffie and David B. Yoffie, Co-Executors of the Estate of Judith S. S. Yoffie (hereinafter "Estate"), allege as follows:

1. Judith S. Yoffie died on March 4, 2008, and on April 30, 2008, her three sons, Alan S. Yoffie, Eric H. Yoffie and David B. Yoffie, were appointed co-executors of her estate by the Worcester County Probate Court, Commonwealth of Massachusetts.

2. On information and belief, OneBeacon is a corporation with its principal place of business at OneBeacon Lane, Canton, Commonwealth of Massachusetts.

3. In the year 1945, Abraham S. Persky and Mae K. Persky purchased three paintings from a New York gallery, M. Knoedler and Company, described as follows:

A. Childe Hassam, "In the Sun"

B. Gustav Courbet, "The Shore of Lake Geneva"

C. William Hamilton, "Lady as Shepherdess"

4. Abraham S. Persky and Mae K. Persky hung these three paintings in their home at 520 Grafton Street, Shrewsbury, Massachusetts from the time of their purchase, where they remained until July 2, 1976.

5. In 1969, Abraham Persky died, leaving sole interest in the three paintings to his wife, Mae K. Persky.

6. Shortly after midnight on July 2, 1976, three masked gunmen broke through a first floor patio door, proceeded to Mrs. Persky's bedroom, woke her and a companion and tied up the two of them. A caretaker at the house was also found and tied up, and all telephone wires were cut.

7. The three gunmen proceeded to ransack the house, eventually taking a number of antiques and other items, including the three paintings at issue in this litigation.

8. Mae K. Persky, William A. Yoffie and Judith S. Yoffie and others in the Yoffie family thereafter made efforts to recover the paintings, meeting with Shrewsbury Police, Massachusetts State Police and the FBI, notifying others of the loss, corresponding with galleries, and in the case of the Hassam corresponding with Hirschl and Adler Galleries, which specialized in his work. Despite all the efforts and information about the theft circularized through the art world, the paintings were not recovered.

9. Approximately thirty-one years after the robbery, on information and belief, defendant Patrick Conley brought or had delivered the three paintings to the William Vareika Fine Arts, Ltd. Gallery in Newport, Rhode Island in an effort to have them authenticated and sold. The gallery contacted Stuart Feld, a Hassam painting expert, and learned from him that the paintings were stolen. Mr. Feld and Mr. Vareika both notified the Federal Bureau of

Investigation, and Mr. Vareika sent e-mails to the FBI describing the paintings and forwarding reproductions of the works of art.

10. The discovery by the William Vareika Fine Arts, Ltd. Gallery in Newport, Rhode Island that the three paintings were stolen came about, directly or indirectly, because Judith S. Yoffie had informed Stuart P. Feld at Hirschl & Adler Galleries by letter of March 26, 1979 of the theft of the Childe Hassam and the circumstances of the robbery (see Exhibit "A"). Stuart Feld was the leading expert on Hassam and was publishing a catalogue resonné, or complete record of Hassam's work. On information and belief, OneBeacon became aware that the three paintings had been located, directly or indirectly, as a result of actions of the Co-Executors' family.

11. On information and belief, the FBI seized or took possession of the paintings on March 23, 2007 from Mr. Vareika's gallery.

12. Because the William Vareika Fine Arts, Ltd. Gallery contacted Mr. Feld and learned of the theft, the FBI was called in and was able to seize or take possession of the three paintings.

13. The three sons of Judith S. Yoffie, as her Co-Executors and heirs, have right, title and ownership in the three paintings, subject only to reimbursement of $45,000 to OneBeacon provided OneBeacon can prove its succession to Commercial Union Assurance Companies' interest.

14. The Co-Executors are entitled to recover these family heirloom paintings first acquired in 1945, stolen from their great aunt Mae K. Persky, for which she was paid fixed values specified in an insurance policy, which values had not been updated by appraisal for some time before the home-invasion robbery.

WHEREFORE, defendants/cross-claimants Alan S. Yoffie, Eric H. Yoffie and David B. Yoffie request that OneBeacon's claims relating to the three paintings be dismissed with prejudice and that this Court enter judgment vesting full and complete right to possession of and title to the three paintings in the Estate, free and clear of any claims by OneBeacon and the Conleys, and for such other and further relief, including the award of costs and expenses, as the Court may deem just under the circumstances.

CROSS-CLAIM AGAINST PATRICK AND GAIL CONLEY

1. Co-Executors incorporate and reallege the matters alleged in paragraphs 1 through 10, inclusive, of their cross-claim against OneBeacon.

2. On information and belief, Patrick and Gail Conley are residents of One Bristol Point Road, Bristol, State of Rhode Island.

3. Approximately thirty-one years after the robbery, on information and belief, defendant Patrick Conley showed the three paintings to William Vareika, owner of the William Vareika Fine Arts, Ltd. Gallery in Newport, Rhode Island, in an effort to sell them. The gallery contacted art experts, including Stuart P. Feld of Hirschl & Adler Galleries, and learned that the paintings were stolen. Mr. Vareika and Mr. Feld thereafter notified the Federal Bureau of Investigation.

4. The discovery by the William Vareika Fine Arts, Ltd. Gallery in Newport, Rhode Island that the three paintings were stolen came about, directly or indirectly, because Judith S. Yoffie had informed Stuart P. Feld at Hirschl & Adler Galleries by letter of March 26, 1979 of the theft of the Childe Hassam and the circumstances of the robbery (see Exhibit "A"). Stuart Feld was the leading expert on Hassam and was publishing a catalogue resonné, or complete record of Hassam's work.

5. The FBI seized or took possession of the paintings on March 23, 2007 from Mr. Vareika's gallery.

6. Defendant Patrick Conley thereafter claimed that he had received the paintings as collateral for loans totaling $22,000 he made to his brother William Conley. Patrick Conley stated that he had put the paintings in storage in his house for a period of seven or eight years, and then called in Newport art dealer William Vareika in an effort to sell the paintings.

7. Defendant Patrick Conley has been quoted as saying the following about his brother: "He's a bit of a shady character. It's like the story, one brother went one way, one went another."

8. The Co-Executors of the Estate of Judith S. Yoffie deny the claim by the Conleys that they were ever bona fide purchasers for value of the three paintings and further say that regardless of their claim, the paintings were stolen from Mae K. Persky, and as possessors of stolen property the Conleys acquired no title or interest in the three paintings.

9. Although the Conleys have admitted that they do not have good title to the three paintings and have acknowledged that fact in conversations and statements, the Conleys have wrongfully refused to release their claims.

10. As a result thereof, the Estate of Judith S. Yoffie and OneBeacon have been wrongfully denied the delivery of the paintings and have also been wrongfully compelled to litigate the Conleys' claim, including significant unnecessary expense and attorney's fees and costs to litigate the Conleys' claim.

WHEREFORE, defendants/cross-claimants Alan S. Yoffie, Eric H. Yoffie and David B. Yoffie request that Patrick and Gail Conley's claims relating to the three paintings be dismissed with prejudice and that this Court enter judgment vesting full and complete right to

possession of and title to the three paintings in the Estate, free and clear of any claims by OneBeacon and the Conleys, and for such other and further relief, including the award of costs and expenses, as the Court may deem just under the circumstances.

/s/ Benjamin V. White
Benjamin V. White, No. 1652
Gordon P. Cleary, No. 1948
Timothy M. Bliss, No. 6228
VETTER & WHITE
Attorneys for Defendant Estate of
Judith S. Yoffie
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bwhite@vetterandwhite.com
gcleary@vetterandwhite.com
tbliss@vetterandwhite.com

Dated: June 5, 2008

CERTIFICATE OF SERVICE

To:

Milind M. Shah, Esq.
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza – 8th Floor
Providence, RI 02903

Brandon S. Bell, Esq.
Lash & Associates, P.C.
61 Batterymarch Street
Boston, MA 02110

James P. Marusak, Esq.
Gidley, Sarli & Marusak, LLP
One Turks Head Place – Suite 900
Providence, RI 02903

George S. Abrams, Esq.
Winer & Abrams
60 State Street – Suite 2329
Boston, MA 02109

I hereby certify that I electronically filed this Answer and Cross-claims on June 5, 2008. The Answer and Cross-claims is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Benjamin V. White