UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff | ) | |
| vs. | ) | C.A. No. 08-58ML |
| ONE BEACON INSURANCE GROUP, et al., Defendants | ) | |

ANSWER BY ALAN S. YOFFIE, ERIC H. YOFFIE AND DAVID B. YOFFIE, CO-EXECUTORS OF THE ESTATE OF JUDITH S. YOFFIE, TO CROSS-CLAIM IN INTERPLEADER BY PATRICK AND GAIL CONLEY

Now come Alan S. Yoffie, Eric H. Yoffie and David B. Yoffie, in their capacity as Co-Executors of the estate of their mother, Judith S. Yoffie (hereinafter called "Co-Executors"), and answer the Patrick and Gail Conley Cross-claim against the Estate of Judith S. Yoffie as follows:

1. Answering paragraph 21 of the Cross-claim, deny the allegations made in the Conleys' answer to the Complaint in Interpleader.

2. Deny the allegations of paragraphs 22, 23, 24, 25 and 26.

3. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Cross-claim.

FIRST DEFENSE

4. The three paintings in question were insured at fixed values in the insurance policy, which values not been updated by appraisal for some time before the home-invasion robbery. Co-Executors specifically deny that the estate is precluded from asserting any rights superior to any rights of OneBeacon or the Conleys as to title, interest and ownership of the paintings.

SECOND DEFENSE

5. Based on the circumstances by which the Conleys obtained possession of the paintings, the Conleys have no lawful interest or right of ownership in the paintings.

THIRD DEFENSE

6. The Conleys are not bona fide purchasers of the paintings.

FOURTH DEFENSE

7. Mae K. Persky, William A. Yoffie and Judith S. Yoffie and others in the Yoffie family were diligent in their continuing interest as the owners of the paintings and had meetings and correspondence with local and state police authorities, the FBI, art experts and others in asserting their ownership interest and their interest in recovering the paintings.

FIFTH DEFENSE

8. The Conleys fail to state a claim upon which relief can be granted.

WHEREFORE, Co-Executors of the Estate of Judith S. Yoffie request judgment dismissing the Conley Cross-claim, and for such other and further relief, including the award of costs and expenses, as the Court may deem just under the circumstances.

/s/ Benjamin V. White
Benjamin V. White, No. 1652
Gordon P. Cleary, No. 1948
Timothy M. Bliss, No. 6228
VETTER & WHITE
Attorneys for Defendant Estate of
Judith S. Yoffie
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bwhite@vetterandwhite.com
gcleary@vetterandwhite.com
tbliss@vetterandwhite.com

Dated: June 5, 2008

## CERTIFICATE OF SERVICE

To:

Milind M. Shah, Esq.
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza – 8th Floor
Providence, RI 02903

Brandon S. Bell, Esq.
Lash & Associates, P.C.
61 Batterymarch Street
Boston, MA 02110

James P. Marusak, Esq.
Gidley, Sarli & Marusak, LLP
One Turks Head Place – Suite 900
Providence, RI 02903

George S. Abrams, Esq.
Winer & Abrams
60 State Street – Suite 2329
Boston, MA 02109

I hereby certify that I electronically filed this Answer on June 5, 2008. The Answer is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Benjamin V. White