UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

VS. C.A. NO. 08-58 ML

ONE BEACON INSURANCE GROUP, et al

**PRE-TRIAL CONFERENCE STATEMENT OF PATRICK T. CONLEY and GAIL CONLEY**

Pursuant to the Notice of this Court dated May 12, 2008, the defendants and cross-claimants, *PATRICK T. CONLEY and GAIL CONLEY*, hereby submit the attached Pre-Trial Conference Statement

PATRICK CONLEY and GAIL CONLEY
By their Attorney,

*/S/ James P. Marusak*

JAMES P. MARUSAK
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
401-274-6644 fax: 401-331-9304

## I. SUMMARY OF FACTS

The United States claims, in this interpleader action, that three paintings were "stolen" from the home of Mae K. Persky, the wife of the original owner, in 1976. Persky apparently had insured the paintings for loss with Commercial Union PLC. Ms. Persky apparently made a claim for total loss by theft and was paid $45,000.00 in full satisfaction for that claim by Commercial Union in November of 1976. No suit was ever brought by Persky challenging the sufficiency of the payment, and Persky's interest terminated.

OneBeacon claims to be the successor in interest to Commercial Union; however, no clear proof of such successorship has been provided to date in this litigation.

Ms. Persky died five years later, in approximately 1981. Although it is alleged that she "left the paintings" to her nephew, William A. Yoffie and his wife, Judith J. Yoffie, by will, there is no such specific bequest of "paintings" in the will of Mae Persky known to the defendants.

Mr. Yoffie allegedly died in 2007. It is alleged that he "left his interest in the paintings to Judith Yoffie". No will has been produced to date in this litigation verifying the alleged specific bequest of the "paintings".

Judith Yoffie allegedly died in March of 2008. No will of Judith Yoffie has been provided to date; however, it is claimed by her executors (the grand-nephews of the original owner, Persky) that her "interests" in the paintings were left to her estate.

Almost 22 years after the alleged "loss payment", one of the paintings was presented to defendants *Patrick T. Conley and Gail Conley* by the brother of Patrick (William Conley) as collateral for a loan. The other two paintings were presented to the Conleys shortly thereafter as collateral for an additional loan. Upon presentation of the collateral, Patrick and Gail had no knowledge of the allegation that the paintings had been

stolen 22 years earlier.

William Conley defaulted on both loans to Patrick and Gail, and their interests in the collateral ripened into ownership interests on June 30, 1999. Thereafter, Patrick and Gail maintained and preserved the paintings, displaying them openly and notoriously as their own.

In the spring of 2007, almost 31 years after the alleged loss, Patrick and Gail had the paintings appraised and authenticated. Their agent, an art expert, William Varieka, learned that the paintings were alleged to have been stolen. With the full endorsement of the Conleys, he notified the appropriate authorities and thereafter presented the paintings to an agent of the United States of America "for their safekeeping" and "in good condition".

This action was instituted thereafter to declare the interests of the parties.

## II. LEGAL ISSUES PRESENTED

### A) DO THE GRAND-NEPHEWS OF THE ORIGINAL OWNERS HAVE ANY LEGAL OR EQUITABLE INTEREST IN THE PAINTINGS WHERE:

**(1) The original owner was paid in full under the terms of a policy of insurance for the loss of the paintings at a sum acceptable to the original owner;**

**(2) The wills of Abraham and Mae Persky, made no specific mention of the paintings. The paintings had been alienated, deemed a loss, and paid for in full satisfaction prior to Mae Persky's death.**

**(3) No suit was brought against Commercial Union challenging the sufficiency of the payment in full.**

**(4) For 31 years no action was brought by the original owners or their heirs to recoup the paintings.**

**(5) Applicable statutes of limitation have run on any such action, which is also barred by operation of laches, accord and satisfaction, waiver, release, abandonment, windfall, equitable estoppel, discharge, and prescription.**

(6) The rights of bona fide purchasers, lenders and/or mortgagees for value have intervened.

(7) The grand-nephews of the original loss payee lack standing to sue

B) DOES OneBEACON HAVE ANY INTEREST IN THE PAINTINGS WHERE:

(1) OneBeacon lacks standing to make claim as no valid proof of successorship to the subrogation interests of Commercial Union has been provided and where any such interest would be limited to the amount paid to the loss payee.

(2) 31 years have passed, and neither Commercial Union nor OneBeacon has performed due diligence in aid of recovery of the paintings.

(3) The Statute of Limitations and/or equitable principles such as laches, abandonment, unjust enrichment, avoidance of windfall, equitable estoppel, waiver and prescription have intervened.

(4) The equitable interests of bona fide lenders, mortgagees or purchasers for value, without knowledge of the alleged "loss", have intervened.

(5) Any legal or equitable interests enuring to the insurer, are limited to the repayment of the amount of loss paid in 1976 to the original owner

C) DO THE RIGHTS OF PATRICK T. and GAIL CONLEY SUPERCEDE ALL OTHERS, IN LAW OR IN EQUITY, WHERE:

(1) The Conleys are bona fide lenders, mortgagees or purchasers for value whose interests in the paintings as loan collateral ripened into primary ownership interests upon default of the loan.

(2) The Conleys did not have knowledge of the alleged "theft" or "loss" of the paintings at any time prior to discovery of such allegations by their agent, after their equities had intervened.

(3) Any action against the Conleys is barred by the applicable statutes of limitation and/or by operation of the equitable principles of laches, abandonment, equitable estoppel, waiver, prescription and other equitable defenses stated above.

CERTIFICATION

I hereby certify that copies of the within PRE-TRIAL CONFERENCE STATEMENT, were sent electronically and by mail to **Robert Clark Corrente, United States Attorney, and Milind M. Shah, Asst. US Attorney**, US Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903; and electronically to **Brandon S. Bell, Esquire** (counsel for OneBeacon Insurance Group), Lash & Associates, P.C., 61 Batterymarch Street, Boston, MA 02110; and **George S. Abrams, Esquire** (counsel for the estate of Judith S. Yoffie), Winer & Abrams, 60 State Street, Suite 2329, Boston, MA 02109; **Benjamin White, Esquire, Gordon P. Cleary, Esquire and Timothy M. Bliss, Esquire**, (counsel for Estate of Judith S. Yoffie) Vetter & White, 20 Washington Place, Providence, RI 02903 on the _______ day of ________________, 2008.

*/S/ James P. Marusak*