UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

VS. C.A. NO. 08-58 ML

ONE BEACON INSURANCE GROUP, et al

**ANSWER BY DEFENDANTS *PATRICK CONLEY and GAIL CONLEY* TO CROSS-CLAIM IN INTERPLEADER OF ALAN S. YOFFIE, ERIC YOFFIE and DAVID B. YOFFIE, CO-EXECUTORS OF THE ESTATE OF JUDITH S. YOFFIE**

The defendants, *PATRICK CONLEY and GAIL CONLEY* (hereinafter, "the Conleys"), hereby answer the allegations contained in the cross-claim of Alan S. Yoffie, Eric Yoffie and David B. Yoffie, Co-Executors of the Estate of Judith S. Yoffie (hereinafter, "the Co-Executors") as follows:

1. The Conleys do not have sufficient facts to admit or deny the allegations contained in paragraphs 1,3,4,5,6,7,8,9 and 10 of the Co-Executors' cross-claims against OneBeacon, and the Co-Executors are left to their proof thereon. The Conleys specifically deny the allegation, contained in paragraph 9, that the paintings were delivered to Varieka in order to have them "sold". The Conleys admit the allegations of paragraph 2 thereof.

2. Admitted

3 – 4. The Conleys do not have sufficient facts to admit or deny the allegations of a "robbery", deny that they attempted to have the paintings "sold" and admit that they

requested William Vareika to determine the authenticity and value of the paintings. They also admit that upon notification of allegations of a theft, they specifically endorsed and approved notification and delivery of the paintings to any appropriate authorities by their agent. The Conleys do not have information sufficient to admit or deny the remaining allegations, and the Co-Executors are, accordingly, left to their proof.

5. The Conleys deny that the paintings were "seized" and aver that the paintings were voluntarily delivered to the authorities for safe-keeping with their full endorsement and cooperation. The Conleys otherwise incorporate herein paragraph 27 of their claim in interpleader.

6. The Conleys admit that they received the paintings as collateral for a bona fide loan to Patrick Conley's brother and that the paintings were kept and displayed in the Conleys' home. The remaining allegations are denied. The Conleys incorporate herein the allegations contained in paragraphs 22 – 24 of their claim in interpleader.

7. The alleged quote supplied in this paragraph is hearsay, out of context, presented in a prejudicial and misleading manner, and should be stricken from the pleadings. The alleged quote is further subject to excision as it apparently relates to William Conley's failure to repay the loan obligation to his brother and sister-in-law, Patrick and Gail Conley, as promised.

8 - 10. Denied. The Conleys incorporate herein the allegations contained in paragraphs 25 – 26 of their claim in interpleader.

## DEFENSES

11. The Conleys are bona fide purchasers and lenders for value who, upon obtaining their interests, were without knowledge of the claims of others, if any, to the subject paintings.

12. Upon default of the above-referenced loan on June 30, 1999, the interests of the bona fide possessors ripened into ownership interests superior in law and equity to the claims of the co-defendants and cross-claimants herein.

13. The alleged predecessors of the defendant Judith S. Yoffie and her executors were entirely divested of any legal or equitable interest in the paintings by and through the acceptance of the payment in settlement of claim made to Mae K. Persky by her insurer, Commercial Union Assurance Company. The present claims of the Co-Executors of defendant Judith Yoffie are, accordingly and otherwise, precluded by operation of discharge, laches, waiver, prescription, abandonment, accord and satisfaction, equitable estoppel, unjust enrichment and windfall.

14. The claim of cross-claimant OneBeacon, if any, was fully discharged or is equitably subordinate to the interests of the Conleys pursuant to the theories and defenses of abandonment, unjust enrichment, discharge, avoidance of windfall, laches, prescription, accord and satisfaction and/or equitable estoppel. Alternatively, such claim, if any, is limited to recovery of the monetary amount of the claim paid to Persky.

15. The cross-claimant Co-Executors lack standing to sue.

16. The cross-claimant Co-Executors fail to state a claim upon which relief may be granted.

17. The cross-claim of the Co-Executors is barred by the applicable Statute of Limitations.

**WHEREFORE**, the defendants *PATRICK CONLEY and GAIL CONLEY* pray that judgment enter for them on the claims of the Co-Executors and on the Conleys' counter- and cross-claim in interpleader as follows:

1. Declaring the interest of the Conleys in the paintings to be superior to and free of the claims of all others.

2. Dismissing and denying the claims of Judith S. Yoffie and/or her Co-Executors, in that they lack standing to sue and have failed to state a claim. In addition, any such claims are barred by the applicable Statute of Limitations, legally remote, and are derivative of persons or predecessors whose claims have been fully satisfied, barred in equity, abandoned, discharged and have been waived, both in law and in equity.

3. Dismissing and denying the claims of defendant/cross-claimant OneBeacon or, alternatively, declaring that any such claims are limited in law and/or in equity to the amount paid to the insured of its predecessor and are, accordingly, subordinate or fully subrogated to the claims of the Conleys, who are bona fide purchasers for value.

4. Ordering the plaintiff to deliver the paintings to the Conleys.

5. Releasing and discharging the plaintiff from liability and dismissing the plaintiff from this action upon return of the paintings to the Conleys in accordance with the determination of this Court.

6. For attorney fees and costs against the cross-claimant Co-Executors.

7. For such further relief as this Court may deem just under the circumstances.

PATRICK CONLEY and GAIL CONLEY
By their Attorney,

*/S/ James P. Marusak*

JAMES P. MARUSAK
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
401-274-6644 fax: 401-331-9304

CERTIFICATION

I hereby certify that copies of the within ANSWER TO CROSS- CLAIM IN INTERPLEADER OF YOFFIE, ET AL, were sent electronically and by mail to **Robert Clark Corrente, United States Attorney, and Milind M. Shah, Asst. US Attorney**, US Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903; and electronically to **Brandon S. Bell, Esquire** (counsel for OneBeacon Insurance Group), Lash & Associates, P.C., 61 Batterymarch Street, Boston, MA 02110; and **George S. Abrams, Esquire** (counsel for the estate of Judith S. Yoffie), Winer & Abrams, 60 State Street, Suite 2329, Boston, MA 02109; **Benjamin White, Esquire, Gordon P. Cleary, Esquire and Timothy M. Bliss, Esquire,** (counsel for Estate of Judith S. Yoffie) Vetter & White, 20 Washington Place, Providence, RI 02903 on the _______ day of ________________, 2008.

*/S/ James P. Marusak*