UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>v.<br><br>ONE BEACON INSURANCE GROUP, et al.,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 08-58ML |

CO-EXECUTORS' YOFFIE RULE 16 STATEMENT

FACTS

On July 2, 1976, three masked, armed men invaded the Shrewsbury, Massachusetts home of 86-year-old Mae Persky. After cutting the telephone wires, binding Mrs. Persky, her nurse companion Miss Teresa Oswald, and her caretaker Owen McHugh, and threatening them with death, the gunmen made off with antiques and three treasured paintings. The paintings – a dated 1888 Childe Hassam oil, an undated Gustave Courbet (d. 1887) oil, and an undated William Hamilton (b. 1810 – d. unknown) oil – were purchased in 1945 by Mae Persky's late husband, Abraham.

Despite immediate investigation and reports of the theft to local and state police, the Federal Bureau of Investigation, the Art Dealers Association, a1979 report by Judith Yoffie, the Perskys' niece, of the theft to the leading Hassam cataloguer and dealer, and Johanna Yoffie's report in the 1990's to the Art Loss Register, the paintings remained in unknown parts, in unknown hands.

Mae Persky received $45,000, a scheduled policy amount, for loss of the paintings from Commercial Union Assurance Companies. An appraiser had been engaged to view Mae

Persky's valuables before the robbery, but no appraisal had been completed and so the paintings had not been appraised for current market value for an appreciable time before their theft.

Mae Persky died on August 21, 1979, leaving her estate to William Yoffie and Judith Yoffie. On William's death, his estate passed to his wife, Judith Yoffie, who died on March 4, 2008. The three co-executors are Judith's sons and heirs. Mae Persky and the Yoffies talked often of the paintings from the time of the theft, and considered them lost family heirlooms.

According to a March 22, 2007 e-mail that Newport art dealer William Vareika sent to FBI Agent James Wynne, Vareika, in late February, 2007, received several telephone calls from Patrick T. Conley of Bristol, Rhode Island, asking him to look at paintings Conley wanted Vareika to authenticate and sell.

Vareika met with Conley at the Conley home and inspected three unframed paintings attributed to Hassam, Courbet and Hamilton. Vareika agreed to take them back to his gallery, study them, and report his findings to Conley after Vareika returned from a family vacation. Vareika recalls discussing with Conley that the paintings may or may not be authentic, and may also be stolen. After Vareika returned from his trip on March 21, 2007, he photographed the paintings and sent an e-mail with a digital image of the Hassam to Stuart Feld of the Hirschl & Adler Galleries in New York.

Vareika knew Stuart Feld to be involved with the Childe Hassam Catalogue Raisonne project. Vareika did not know that Stuart Feld was the Hassam expert to whom Judith Yoffie had reported the Persky theft in 1979. Feld contacted Vareika immediately, informing him the Hassam was authentic and, according to the catalogue's records, had been stolen from

Mae Persky along with a Courbet and Hamilton, the two other unframed paintings Conley had Vareika inspect to authenticate and sell. Vareika's e-mail to the FBI noted that the three paintings were also listed on the Art Dealers Association's theft notice of "12/10/76 file number 1751." After speaking with Feld, Vareika contacted the Federal Bureau of Investigation. The FBI ultimately took custody of the paintings, and the United States instituted this action to resolve possible competing claims to the paintings.

After institution of the suit, Patrick Conley, speaking to a newspaper reporter on February 23, 2008 said, "If they are stolen and the heirs are still around, they should have them. Whoever owns them deserves them."

ISSUES

1. Whether the heirs of Mae Persky, whose paintings were stolen by force of arms and threat of death, can be deprived of title to and possession of the paintings on their subsequent recovery by the Federal Bureau of Investigation.

2. Whether reporting the theft of the paintings to local and state police, the Federal Bureau of Investigation, the Art Dealers Association, the preeminent Childe Hassam dealer and cataloguer, and the Art Loss Register in any way constitutes a lack of diligent effort to recover the paintings, or an abandonment of the paintings.

3. Whether the Conleys, having been told the paintings were worth much more money than the amount said to be loaned against them, and having other facts at their disposal about William Conley, acted reasonably in deciding not to inquire about prior ownership of the paintings, make inquiry to any art dealer's association, art dealer, or stolen art registry or contact law enforcement authorities.

4. Whether the paintings were readily susceptible of recovery by Mae Persky or the Yoffies while they were in the possession of the thieves and those in the chain of possession with the thieves, and never displayed publicly.

5 Whether the paintings were taken unlawfully from Mae Persky, whether the Conleys could acquire good title to the stolen paintings, particularly in light of the information available to them at the time of the alleged loan, and whether the Conleys can invoke equity to deprive Mae Persky's heirs of the return of the paintings.

/s/ Gordon P. Cleary
Benjamin V. White, Esq. No. 1652
Gordon P. Cleary, Esq., No. 1948
Timothy M. Bliss, Esq. No. 6228
VETTER & WHITE
Attorneys for Defendant Judith S. Yoffie and Co-Executors Alan S. Yoffie, Eric H. Yoffie and David B. Yoffie
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bwhite@vetterandwhite.com
gcleary@vetterandwhite.com
tbliss@vetterandwhite.com

Dated: June 11, 2008

CERTIFICATE OF SERVICE

To:

Milind M. Shah, Esq.
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza – 8th Floor
Providence, RI 02903

Brandon S. Bell, Esq.
Lash & Associates, P.C.
61 Batterymarch Street
Boston, MA 02110

James P. Marusak, Esq.
Gidley, Sarli & Marusak, LLP
One Turks Head Place – Suite 900
Providence, RI 02903

George S. Abrams, Esq.
Winer & Abrams
60 State Street – Suite 2329
Boston, MA 02109

I hereby certify that I electronically filed this Rule 16 Statement on June 11, 2008. The Rule 16 Statement is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Gordon P. Cleary